Marcus G. Christ, J.
Application for a mandamus against the building inspector of the Village of Bo slyn Estates denied. The petitioner seeks to require the village building inspector to grant a permit for a business building in an area zoned by the village for residential purposes. A mandamus is a remedy to be used only where an official has refused to do his clear duty. It cannot be said in this case that a building inspector who refuses to grant a permit when the ordinance of the village which he serves specifically prohibits the issuance of such a permit has violated his clear duty. The subject property is a triangular piece fronting on Searingtown Boad and a street called the Serpentine. One apex of the triangle formed by the intersection of the Serpentine and Searingtown Boad is but a few feet from Northern Boulevard. Northern Boulevard in this area is now devoted primarily to business use but petitioner’s property cannot be said to front on Northern Boulevard and it is questionable that it touches Northern Boulevard. It is in and on the edge of the Village of Boslyn Estates buffered by the Serpentine and by a small area of the village which has been set aside by it as a park. Across the Searingtown Boad a shopping development which is part of the business property on Northern Boulevard extends opposite petitioner’s property. However, Searingtown Boad serves as a natural break against the encroachment of business property into the highly developed residential village. If the subject property is zoned for business, then residents who have already built adjoining to the south and east become seriously affected. If the commercial property is not to keep expanding and swallowing up residential areas it is obvious that at some point a dividing line must be fixed. In this case, the best of such dividing lines is Searingtown Boad which is coincident with the boundary of the incorporated village. The petitioner purchased this property in 1956 long after it had become established as an area zoned for residence. There is no confiscation of petitioner’s property for it is far from useless under the existing zoning. It may not have as high a value as it would if it could be devoted to business but it is nevertheless usable and valuable as it is presently zoned. In the absence of a clear legal right against the village building inspector for a mandamus or a confiscation of the petitioner’s property the village should be upheld in its action.
Submit order.